# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK VO,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>B.M. CASH, Warden,<br><br>　　　　　Respondent. | Case No. CV 11-3318 DOC (MRW)<br><br>ORDER DISMISSING PETITION WITH PREJUDICE |

## SUMMARY

Petitioner Jack Vo is a state prisoner. He filed a habeas petition in this Court challenging his 1985 conviction for first degree murder. After reviewing the pleadings and lodgment, the Court concludes that Petitioner's habeas petition is time-barred. Respondent's unopposed motion to dismiss the petition is granted and the action is dismissed with prejudice.

## PROCEDURAL HISTORY

In 1985, Petitioner was found guilty of first degree murder. The jury convicted Petitioner of killing his mother with a 2x4. He was sentenced to 25 years to life. (Docket # 1 at 2.) Petitioner directly appealed, his conviction was upheld, and ultimately became final in August 1987. (Docket # 9 at 1.)

In his habeas petition to this Court, Petitioner urges the Court to reduce the first degree murder conviction to manslaughter. Petitioner claims that the autopsy report shows that he did not kill his mother with premeditation and deliberation. Petitioner acknowledges that he had the autopsy report for years, but that he only recently read the document. (Docket # 1 at 5.)

This is not the first time that Petitioner has sought post-conviction relief. Between September 1996 to July 2010, Petitioner filed over a dozen habeas petitions in the California Court of Appeal and the California Supreme Court. All of those petitions were denied, the majority of them for lack of diligence and undue delay. (Docket # 9 at 1-3.)

## ANALYSIS

The Court concludes that Petitioner's habeas petition has been time-barred for well over a decade. Habeas petitions in federal court are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period under the Antiterrorism and Effective Death Penalty Act (AEDPA) runs from the date on which a prisoner's conviction became final or, for pre-AEDPA convictions from the April 1996 implementation of AEDPA. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). In the present case, Petitioner's conviction unquestionably became final long before AEDPA's enactment. Petitioner therefore was required to file his federal habeas petition by April 1997.

Petitioner is not entitled to tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2). The AEDPA limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Although Petitioner repeatedly filed state habeas petitions, they were not properly filed, were dismissed for lack of diligence, and had substantial delays between filings. Respondent properly calculates that the AEDPA statutory clock

expired during the 14 years it took Petitioner to reach this court. (Docket # 9 at 12-17.) The time to file a federal habeas petition to challenge his 1985 conviction has long since expired.

In addition, there is no basis for the Court to take up the question of whether Petitioner is entitled to equitable tolling of the AEDPA statute of limitations. Although Petitioner claims to have new evidence – the autopsy report of his victim – that material was available to him for years. Moreover, Petitioner has not shown extraordinary circumstances beyond his control that made it impossible for him to file his federal petition in a timely manner. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)

Finally, Petitioner does not oppose Respondent's motion to dismiss, and waived his right to reply to the state's dismissal motion here. (Docket # 11.)

## **CONCLUSION**

Petitioner's habeas petition is time-barred on its face. Therefore, the Court DISMISSES the action with prejudice.

IT IS SO ORDERED.

DATED: July 15, 2011

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE